EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EDDIE M. KELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 6:17-cv-00453-RAW |
| | § | |
| (1) K12 INC., | § | |
| (2) OKLAHOMA VIRTUAL CHARTER | § | |
| ACADEMY, | § | |
| (3) AUDRA PLUMMER, and | § | |
| (4) NICOLE ELLISON, | § | |
| | § | |
| Defendants. | § | |

### DECLARATION OF BELINDA HAAGSMA

I, Belinda Haagsma, declare under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen and have personal knowledge of the matters contained in my declaration.

2. I am Senior Director of Human Resources for K12 Inc. ("K12"), one of the defendants in this case. I have served in this role since September 2017 and have been in Human Resources at K12 since January 2011.

3. K12 is a technology-based education company and offers online curriculum, software systems, and educational services designed to facilitate individualized learning for students primarily in kindergarten through 12th grade. K12 provides a continuum of technology-based educational products and solutions to public school districts, public schools, virtual charter schools, private schools, and consumers.

4. K12 is a Delaware corporation with its principal place of business in Herndon, Virginia. It provides services nationwide and serves schools and school districts in all 50 states

and the District of Columbia.  In Oklahoma, it provides services to the Oklahoma Virtual Charter Academy, as well as several other Oklahoma public, private, and charter schools.

5.      K12 is listed on the New York Stock Exchange.  In fiscal year 2017, the company had $888.5 million in revenues.

6.      Plaintiff Eddie M. Kelly was employed by one of K12's subsidiaries, K12 Services Inc., from August 2012 until March 2016.  She worked as the only Title I reading teacher at the Oklahoma Virtual Charter Academy, a public charter school that presents its classes through the internet, and to which K12 provides services.

7.      When Ms. Kelly started with the company, she signed an Agreement to Arbitrate.  A true and correct copy of the agreement she signed on August 6, 2012, is attached as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January $\underline{31}$, 2018.

BELINDA HAAGSMA

EXHIBIT 1

# K12 INC.
## AGREEMENT TO ARBITRATE

This agreement is between the K12   Inc. ("K12") and the und   igned employee ("Employee"). The parties recognize and agree private arbitration is an   ficient method of resolving disputes. "Private arbitration" is the referral of a dispute to a   mpartial decision-maker for confidential, final, and binding determination as detailed   this Agreement. Accordingly, in consideration for the mutual promises and undertakings   he parties as set forth below, the offer of employment, and/or salary or wage increase pr   ded to Employee by K12 contemporaneously herewith, the parties hereby agree to the foll   ng terms:

1.    **Agreement to Arbitrate**

K12 Inc. and Employee agree to submit to confidential, final, and bin   g arbitration any dispute, claim or controversy that may arise between them arising   m or relating to Employee's employment or the termination of Employee's employmen   including but not limited to claims arising from contract, tort, public policy, constitution, s   te or ordinance, or involving the interpretation of this Agreement or any policy or practic   of K12 Inc. For example, and not for purposes of limitation, the parties agree to arbitra   all tort claims of any nature whether negligent or intentional; constitutional claims inclu   g privacy; claims under federal, state, county or municipal statute or ordinance, inclu   j any state anti-discrimination statute, Title VII of the Civil Rights Act of 1964 as   ended, the Age Discrimination in Employment Act of 1967 as amended, the Americans   h Disabilities Act, the Employee Retirement Income Security Act, federal and state family   nd medical leave laws, and any other law or regulation relating to employment, employ   nt discrimination, employee wages, or benefits, except as provided in paragraph 2 below.

2.    **Claims Excluded from the Agreement**

The parties desire to specifically exclude from arbitration claims for work   rs' compensation or unemployment compensation benefits, and any claims or petitions for   xtraordinary relief (such as injunction, attachment, or immediate possession) that K12 Inc   or Employee may bring arising from the obligations contained in the Confidentiality, Prop   etary Rights, and Non-Solicitation Agreement. To the extent that K12 seeks only damage   in a claim arising out of an alleged violation of the Confidentiality, Proprietary Rights, a   Non-Solicitation Agreement, that claim is not excluded but falls within the scope of t   is Agreement to Arbitrate.

3.    **Pre-Arbitration Conflict Resolution**

Before arbitrating any claim between them, the parties agree to attem   in good faith to resolve any dispute covered by or relating to this Agreement accord   g to the Conflict Resolution policy set forth by the Company.

4.    **Time Limits for Invoking Arbitration**

Rev 090313

If the claim cannot be resolved through the informal Conflict Resolution procedure, either party wishing to invoke arbitration under this Agreement must do so within 12 months of when the cause of action arose, or within the time period provided under law for commencement of an action in a court of law, whichever expires earlier

5.      **Arbitration Procedures**

The parties will endeavor to mutually agree upon an arbitrator who will hear and determine the controversy. If the parties are unable to agree upon a mutually acceptable arbitrator within thirty days of the service of a written demand for arbitration, they will select an arbitrator through the procedures established by the American Arbitration Association ("AAA") in effect at the time.   Each party will have the right to be represented by counsel of their own choosing.     Unless otherwise specified in this Agreement, the parties and the arbitrator will follow the procedures set forth in the AAA's National Rules or the Resolution of Employment Disputes in effect at the time the claim is initiated.

6.      **Arbitrator's Authority**

The arbitrator will have the authority to rule on pre-arbitration motions and discovery matters. Regarding the matter in controversy, the arbitrator will have the authority to rule only on the issue submitted. The arbitrator will base the decision and award, if any, on the facts presented in briefs and at the hearing and in accordance with governing prevailing law, including statutory and judicial authority. The arbitrator has no authority to modify or revoke this Agreement or any policy of K12 Inc.

7.      **The Arbitrator's Decision**

A written award will be issued by the arbitrator and will include the conclusion reached and the reasons therefore, unless the parties agree otherwise. The decision of the arbitrator will be confidential, final, binding and fully enforceable.

8.      **Remedies**

The arbitrator may award only such damages or remedies as would be available to the parties had the matter been heard in court. The arbitrator has the authority to provide for the reimbursement of costs and attorneys' fees, in whole or in part, as part of the remedy, and shall award costs and attorneys' fees to the prevailing party, so long as such an award would not be contrary to applicable law.

9.      **Arbitration as Exclusive Means for Resolution**

In exchange for the parties' mutual agreement to submit claims to the arbitration process, and to preserve the expeditious and inexpensive nature of arbitration which is of value to the parties, the parties agree that arbitration will be the sole and exclusive means for resolution of all disputes as described in paragraph 1 of this Agreement. The parties understand that there is no right to a jury in an arbitration proceeding, and thus expressly waive the right to a jury trial of any claim within the scope of this agreement.

Rev 090313

10.    **Voluntary Agreement**

The parties acknowledge they have carefully read this Agreement and have had full opportunity to seek the advice of an attorney before executing this document. The parties further acknowledge they enter into this Agreement voluntarily, free from any duress or coercion.

11.    **Modification of This Agreement**

This Agreement may be modified only in writing, signed by the Chief Executive Officer of K12 and by the employee who is subject to such modifications. No other form of modification will be valid.

12.    **Savings Clause**

Every provision of this Agreement is intended to be severable from every other provision of this Agreement. If any provision of this Agreement is held to be void or unenforceable, in whole or in part, the remaining provisions will remain in full force and effect. If any provision of this Agreement is held to be unreasonable or excessive in scope or duration, that provision will be deemed to be reformed so that it will be enforceable to the maximum extent permitted by law.

13.    **Governing Law**

The parties agree that all controversies or claims arising out of or relating to this arbitration procedure, its interpretation, performance or breach, including without limitation the validity, scope, and enforceability of this Agreement, will be governed by the Federal Arbitration Act, 9 U.S.C. Section 1, et seq., or if inapplicable, the Virginia Arbitration Act, Va. Code §8.01-577 et seq., or any successor or replacement statutes. However, nothing in this Agreement will limit the right of either party to bring a motion or petition in either federal or state court to compel arbitration pursuant to the terms of this Agreement, or to have judgment entered on any award or determination of an arbitrator resulting from an arbitration conducted pursuant to this Agreement. The employment relationship and this Agreement will be governed, construed, and enforced in accordance with the laws of the Commonwealth of Virginia.

14.    **Entire Agreement**

This Agreement supersedes any and all other agreements, whether written, oral, express, or implied, between the parties concerning the subjects covered. Further, of the covenants and agreements between the parties regarding these subjects are contained in this Agreement.

15.    **Employment at Will**

By agreeing to arbitration, it is not the intent of the parties to, in any way, create any obligation to continue employment for any specified term or any term at or to, in any way, limit the right of either K12 Inc. or the employee to terminate employment at any time, for any or no reason, with or without notice or cause.

3

Rev 090313

Employee's signature below represents the agreement and acknowledgment that Employee has read and agreed to the terms of this Agreement to Arbitrate.

Employee Signature: _____ Eddie M Kelly _____

Employee Name (please print): _____ K12 Inc. (OVCA _____

Date: _____ 8/06/2012 _____

Agreeing, on behalf of K12, Inc., to be bound: _____

4