IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDIE M. KELLY, § § Plaintiff, § § vs. § § K12 INC., § OKLAHOMA VIRTUAL CHARTER § ACADEMY, § AUDRA PLUMMER, and § NICOLE ELLISON, § § Defendants. § | No. 6:17-cv-00453-RAW |

**DEFENDANT K12, INC.'S RENEWED MOTION TO LIFT THE STAY, CONFIRM ARBITRATION AWARD, AND DISMISS WITH PREJUDICE AND BRIEF IN SUPPORT**

Pursuant to the Federal Arbitration Act, Defendant K12, Inc. moves the Court to lift the stay, confirm the arbitration award, and dismiss this case with prejudice.[1]

**INTRODUCTION AND BACKGROUND**

On December 11, 2017, Plaintiff brought suit in this Court against K12, Inc. ("K12"), as well as Oklahoma Virtual Charter Academy and two of K12's employees Audra Plummer and Nicole Ellison, alleging discrimination on the bases of race and age and retaliation, among other

---

[1] K12 initially filed its motion on January 23, 2020 (Doc. 75), but the Court denied the motion without prejudice due to LCvR 7.1(f) which pertains to non-dispositive motions. Because the motion sought to confirm the Arbitrator's summary judgment decision on the merits, to dismiss the Complaint with prejudice, and thus sought a "dispositive" ruling, K12 did not think compliance with said rule was necessary. Nevertheless, K12's counsel has contacted counsel for the other parties. Audra Plummer and Nicole Ellison are employees of K12 and are jointly represented by K12's counsel, so they do not object to the motion. Oklahoma Virtual Charter Academy's current counsel, Rebecca Woodward, advised on January 28, 2020, that her client did not object. (Drew Lagow has left Ms. Woodward's firm and no longer represents Oklahoma Virtual Charter Academy.) Ms. Kelly's attorney, Walter Benjamin, did not respond to repeated inquiries about his position on the motion.

claims. (Doc. 2). Because the parties had an enforceable arbitration agreement,[2] K12[3] sought to compel Plaintiff Eddie M. Kelly to pursue her claims in arbitration. (Doc. 19). The Court stayed the case and compelled arbitration by Order of June 4, 2018. (Doc. 49). The matter proceeded to arbitration before the American Arbitration Association (AAA No. 01-18-0003-4854). Kansas attorney Diane Sorenson was appointed arbitrator. *See* Exhibit B. On January 16, 2020, Arbitrator Sorenson granted K12's motion for summary judgment. *See* Exhibit C. There is no basis for vacating, modifying, or correcting the award, and thus, K12 respectfully requests the Court lift the stay, confirm the arbitration award, and dismiss this case with prejudice.

## ARGUMENT

The Federal Arbitration Act ("FAA") provides that a district court "must" enter an order "confirming the award" and enter "a judgment of the court" in conformity with it, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. "Judicial review of an arbitral award, however, 'is among the narrowest known to law.'" *San Juan Coal Co. v. Int'l Union of Operating Eng'rs, Local 953*, 672 F.3d 1198, 1201 (10th Cir. 2012) (quoting *Champion Boxed Beef Co. v. Local No. 7 United Food & Commercial Workers Int'l Union*, 24 F.3d 86, 87 (10th Cir. 1994)). "The Supreme Court has emphasized that vacating an arbitral award is warranted only in extraordinary circumstances. If an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the arbitral award should be upheld." *Id.* (citing *Major League Baseball Players Ass'n v. Garvey*,

---

[2] In accordance with Section 13 of the Federal Arbitration Act, 9 U.S.C. § 13, the Agreement to Arbitrate is attached hereto as Exhibit A.

[3] K12's employees had not yet entered an appearance at this time. They subsequently filed a motion to dismiss. (Doc. 32). The Court later found their motion moot. (Doc. 50). Oklahoma Virtual Charter Academy had separate counsel in the case and did not appear until after K12 filed its motion. (Doc. 34).

532 U.S. 504, 509 (2001)).   Given this narrow and deferential standard, "courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact[.]"   *CP Kelco US, Inc. v. Int'l Union of Operating Eng'rs Local No. 627, AFL-CIO*, No. CIV-08-068-SPS, 2009 U.S. Dist. LEXIS 27807, at *10 (E.D. Okla. Mar. 30, 2009) (quoting *United Paperworkers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).

"Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942 (1995)).   Those circumstances include:

    (1)    where the award was procured by corruption, fraud, or undue means;

    (2)    where there was evident partiality or corruption in the arbitrators, or either of them;

    (3)    where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    (4)    where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.   Similarly, there are limited grounds upon which a district court may modify or correct an arbitration award; those include:

    (a)    Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

    (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

    (c)    Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

The Arbitrator's summary judgment opinion is thorough, well-reasoned, and based upon established precedent of the United States Courts of Appeals and United States District Courts. There are no circumstances which would warrant vacating, modifying, or correcting the arbitration award. Accordingly, the award must be confirmed. 9 U.S.C. § 9; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

## CONCLUSION

Because there are no grounds for vacating, modifying, or correcting the award, K12, Inc. moves the Court to lift the stay, confirm the award, and dismiss this case with prejudice. Counsel for Defendants Oklahoma Virtual Charter Academy, Audra Plummer, and Nicole Ellison have no objection to the motion. Counsel for Plaintiff did not respond with his position on the motion, despite several inquiries.

s/ Eva C. Madison
Eva C. Madison (OBA#18103)
Littler Mendelson, P.C.
217 E. Dickson St., Suite 204
Fayetteville, Arkansas 72701
479.582.6100
emadison@littler.com

Attorney for Defendant K12, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.   Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Drew A. Lagow
Roberson Kolker Cooper & Goeres, PC
119 N. Robinson, 11th Floor
Oklahoma City, OK 73102
drew@rkcglaw.com

Walter M. Benjamin
436 Court St., Suite A
Muskogee, OK 74401
wabenj@juno.com

                                            s/ Eva C. Madison

4848-8492-3826.2 086388.1003