IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EDDIE M. KELLY,

    Plaintiff,

v.

K12, INC., Principal,
OKLAHOMA VIRTUAL CHARTER ACADEMY
(OVCA), Agent,
AUDRA PLUMMER, Agent, and
NICOLE ELLISON, Agent,

    Defendants.

No. 6:17-cv-00453-RAW

## DEFENDANT OKLAHOMA VIRTUAL CHARTER ACADEMY'S COMBINED BRIEF IN SUPPORT OF DEFENDANT K12'S MOTION TO LIFT THE STAY, CONFIRM ARBITRATION AWARD AND DISMISS WITH PREJUDICE, AND RESPONSE TO PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

Defendant, Oklahoma Virtual Charter Academy ("OVCA"), properly identified *but not named by Plaintiff* as Oklahoma Skynet, Inc. ("Skynet"), files its Combined Brief in Support of Defendant K12's Motion to Lift the Stay, Confirm Arbitration Award and Dismiss with Prejudice ("K12's Motion") and Response to Plaintiff's Motion to Amend her Complaint. In support thereof, Defendant would respectfully show the Court as follows:

## I.
## FACTS PERTINENT TO OVCA'S BRIEF IN SUPPORT OF K12'S MOTION AND RESPONSE TO PLAINTIFF'S MOTION TO AMEND

1. Plaintiff filed this action against OVCA as "agent" of K12, Inc., and two individual employees of K12, Audra Plummer and Nicole Ellison alleging employment discrimination and retaliation. In her Complaint, she cites Title VII, the Age Discrimination

-1-

in Employment Act, 42 U.S.C. §§ 1981, 1982 and 1983, and a state law claim under 25 O.S. § 1302 [Doc. 2].

2.  As stated in its original answer filed on almost two years ago [Doc. 38], OVCA is not a separate legal entity; it is the trade name of a charter school and has no registered agent for service.  Skynet is an Oklahoma nonprofit public benefit company which was granted a charter from the Choctaw-Nicoma Park School District to operate the charter school called OVCA.  *Skynet has a Board of Directors but does not have, and has never had, any employees*.  OVCA is now chartered by the Statewide Virtual Charter School Board. (Affidavit of Terry Hopper, President of the Skynet Board of Directors, attached as Exhibit 1, ¶ 1 and 2).

3.  Skynet and Defendant K12 executed a contract, entitled Educational Products and Services Agreement on or about July 1, 2011, effective through June 30, 2021.  This contract was effective when Plaintiff was hired by K12.  A similar Educational Products and Services Agreement was executed by Skynet and K12 on July 1, 2014 effective through June 30, 2021 and effective when Plaintiff was terminated (collectively, "the Agreements.")  Exhibit 1, ¶ 4.

4.  Under the terms of these Agreements, K12 provides "Administrative Services, including financial and school administration services, teacher recruiting, training and management."  Further, the Agreements state that "**K12 will have the sole authority to select, supervise, compensate and determine compensation, evaluate, transfer, promote, discipline and dismiss its staff members** in compliance with all federal and state laws."  (Emphasis added).  Thus, K12 was solely responsible for all

aspects of Plaintiff's employment, including the decision to terminate her. Skynet had no input into that decision. Exhibit 1, ¶ 5.

5. In the context of this case, Plaintiff was an employee of K12 only, and never was an employee of Skynet. Exhibit 1, ¶ 6. Plaintiff admits this fact in her deposition taken during the arbitration in this matter. (Deposition testimony of Plaintiff Eddie Kelly, pp. 8 – 9, attached as Exhibit 2).

6. Plaintiff signed an Agreement to Arbitrate at the beginning of her employment with K12. Upon motion filed by K12, this Court ordered the Plaintiff and K12 to arbitration by Order dated June 4, 2018, stayed and administratively closed this case pending the outcome of the arbitration proceedings. [Doc.49].

7. The matter proceeded to arbitration before the American Arbitration Association. Arbitrator Diane Sorenson was appointed arbitrator and ultimately granted K12's motion for summary judgment. [Doc 75 and exhibits B and C attached thereto].

8. On January 23, 2020, K12 filed its Motion to Life the Stay, Confirm Arbitration Award and Dismiss all of Plaintiff's Claims with Prejudice. [Doc. 75]. K12 refiled its motion on February 7, 2020. [Doc. 77].

9. On February 21, 2020, Plaintiff filed a Motion to Amend to Pursue Claims Against Defendants OVCA, Audra Plummer and Nicole Ellison. [Co. 84].

# II.
# ARGUMENT AND AUTHORITIES

A.  **K12's Motion to Lift Stay, Confirm Arbitration Award and Dismiss All Claims Against the Parties Should be Granted**

OVCA hereby adopts and incorporates K12's Motion, it's reply brief and the motion to dismiss filed by Defendant Plummer and Ellison as if fully set forth herein. Specifically, as it relates to OVCA, all of Plaintiff's claims should be dismissed against it for several reasons.

   1.  **OVCA is Not a Legal Entity.**

As set forth above, OVCA is not a legal entity which can sue or be sued. *See*, Fed. R. Civ. P. 17(b). Plaintiff was aware of this fact at least since OVCA filed its Answer on April 20, 2018 but never sought to amend prior to the Court's compelling arbitration. As such, OVCA should be dismissed on that ground alone.

   2.  **The Arbitration Determination Applies to OVCA, (and Skynet if it were a party) as a Non-Signatories to the Arbitration Agreement**

Plaintiff claims that K12's Motion should not be granted and that she be allowed to amend her Complaint to proceed against OVCA and the individual defendants because "the Arbitration Decision did not and could not grant judgment in favor of Defendants OVCA … who were not parties to the Arbitration Agreement." [Doc. 83, p. 2, ¶ 6). It is well established that a non-signatories to an arbitration agreement can nonetheless be bound by the arbitration under ordinary contract and agency principles. *See Gibson v. Wal-Mart Stores, Inc,* 181 F.3d 1163, 1170 (10th Cir. 1999). Several bases for binding a nonsignatory to an arbitration agreement have been recognized, including equitable estoppel, agency and

its status as third-party beneficiary. *See generally, Inception Mining, Inc. v. Danzig, Ltd*, 311 F.Supp.3d 1265 (D. Utah 2018).

In the instant Arbitration Agreement, Plaintiff agreed to arbitrate **all claims** "relating to Employee's employment or the termination of Employee's employment," including "employment discrimination" would be submitted to "final" and" binding" arbitration, and that the arbitration was to be the "***sole and exclusive means for resolution of all disputes***" described in paragraph 1 of the agreement. [Doc. 75-1]. (Emphasis added.) Clearly, Plaintiff agreed to submit ***any claims*** related to her employment to arbitration. Even if Plaintiff had correctly named Skynet, instead of OVCA as a defendant, the only allegations that were or could have been made were in relation to actions taken during Plaintiffs' employment with K12. (Indeed, although OVCA/Skynet vehemently denies any agency relationship between itself and K12, the caption of Plaintiff's Complaint describes OVCA as "agent" and K12 as "principal.") [Doc. 2]. Plaintiff chose not to include OVCA/Skynet in the arbitration.

Plaintiff is precluded from now bringing claims against OVCA or Skynet based on her own incorrect assertions of agency, equitable estoppel and because OVCA/Skynet was a third-party beneficiary of the Arbitration Agreement. A ruling denying K12's Motion to dismiss all claims in this case would contravene the policy against allowing a party to simply circumvent a promise to arbitrate by naming nonsignatories as defendants in a lawsuit nullifying the rule requiring arbitration. *Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990). Not only does this rule apply to individually named defendants, but also to business entities as well. See, *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th

Cir. 2000); *MS Dealer Serv. Corp. v. Franklin*, 177 F. 3d 942 (11th Cir. 1999). Application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Here, Plaintiff is suing OVCA apparently in its alleged capacity as an agent of K12. While there no agency relationship between OVCA and K12, *the basis on which Plaintiff sues OVCA is on an agency theory only*. "An agent is entitled to the protection of her principal's arbitration clause when the claims against her are based on her conduct as an agent." *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F. 3d 1, 11 (1st Cir. 2014). The facts in the instant case more strongly call for estoppel to apply because the relationship is even more attenuated. OVCA, as it was not a legal entity, but only a trade name, took no action at all. Skynet, by its contract with K12, was not involved whatsoever in supervising, hiring, disciplining or terminating K12 employees, including Plaintiff. Clearly, estoppel applies here. Moreover, OCVA (and Skynet) were third party beneficiaries of the Plaintiff/K12 arbitration agreement. The agreement clearly intends for all claims (not only those alleged against K12) to be resolved by arbitration. Because of this express intent, OVCA, and if it were a party, Skynet, were intended, third-party beneficiaries of the agreement. *See La Frontera Ctr., Inc. v. United Behavioral Health, Inc*. 2017 U.S. Dist. LEXIS39477 (D. New Mexico) (a third-party is a beneficiary if the actual parties to the contract intended to benefit the third-party).

Thus, this case should be dismissed as to OVCA based on equitable estopple, Plaintiff's assertion of agency, and because OVCA/Skynet were third-party beneficiaries to the arbitration agreement.

B. **<u>Plaintiff's Motion to Amend Her Petition Should Be Denied</u>**.

First Plaintiff failed to comply with Local Rule 7.1(k) which requires her to state whether any party objects to the motion. Plaintiff did not comply with this rule, so her motion should be denied on that basis. Moreover, Plaintiff incorrectly states that she has "filed her Complaint against the Defendants, K12, "Oklahoma Skynet Inc. dba OVCA," and the individual defendants. This is not true. Plaintiff sued only" Oklahoma Virtual Charter Academy (OVCA), agent." Plaintiff has never named Skynet in this case, but incorrectly and improperly adds Oklahoma Skynet Inc. in the caption of her Motion to Amend.

Plaintiff states no particular basis for her motion to amend, other than the arbitration has concluded and "Plaintiff and Defendant OVCA do not have an arbitration agreement." [Doc.84 p.2]. As fully discussed above OVCA is protected from further litigation in this case because of the arbitration agreement and the outcome of the arbitration, notwithstanding that it was not a signatory to the agreement. The same arguments would apply to Skynet, the actual entity with whom K12 contracted. Thus, an amendment would be futile and should not be allowed.

WHEREFORE, premises considered, Defendant Oklahoma Virtual Charter Academy respectfully requests this court grant K12's motion and deny Plaintiff's motion to amend her Complaint, for the reasons set forth above and in the briefing of K12, and the

motion to dismiss filed by defendants Plummer and Ellison and deny Plaintiff's motion to amend her petition.

Respectfully submitted,

**HOLDEN LITIGATION,** *Holden P.C.*

/s/Rebecca S. Woodward
Rebecca Woodward, OBA #8070
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
RebeccaWoodward@HoldenLitigation.com
*Attorneys for Oklahoma Virtual Charter Academy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2020, a true and correct copy of the above and foregoing instrument was served on the parties as follows:

      ☐    Via U.S. Mail    √    Via ECF

      ☐    Via Federal Express    ☐    Via Hand Delivery

to:

All counsel of record (via ECF)

*/s/Rebecca S. Woodward*
Rebecca S. Woodward