**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDDIE M. KELLY, | § § | |
| Plaintiff, | § § | |
| vs. | § § | No. 6:17-cv-00453-RAW |
| K12 INC., OKLAHOMA VIRTUAL CHARTER ACADEMY, AUDRA PLUMMER, and NICOLE ELLISON, | § § § § | |
| Defendants. | § § | |

ORDER

Before the Court is Defendant K12's Renewed Motion to Lift the Stay, Confirm Arbitration Award, and Dismiss with Prejudice and Brief in Support [Docket No. 77] and Plaintiff's Response [Docket No. 83] opposing the motion. On December 11, 2017, Plaintiff filed this case against multiple defendants alleging discrimination and retaliation in her employment and in the termination of her employment. In the complaint, she cites Title VII, the Age Discrimination in Employment Act, 42 U.S.C. §§ 1981, 1982 and 1983, and a state law claim under 25 O.S. § 1302 [Docket No. 2].

Plaintiff and K12 entered into an arbitration agreement which was found by this court to be enforceable and, accordingly, the court stayed this action and compelled arbitration on June 4, 2018 [Docket No. 49]. The matter proceeded to arbitration before the American Arbitration Association, wherein Arbitrator and Kansas attorney, Diane Sorenson, acted as arbitrator and granted K12's motion for summary judgment on January 16, 2020 (AAA No. 01-18-0003-4854) [Docket No. 75-3]. Thereafter, K12 filed the instant motion to lift the stay, confirm the arbitration award and dismiss the case with prejudice.

Plaintiff contends that the arbitration agreement and arbitrator's decision do not apply to her claims against Oklahoma Virtual Charter Academy, Audra Plummer and Nicole Ellison because they were not parties to the Arbitration Agreement. The Arbitration Agreement, entered into voluntarily by Plaintiff, provides, however, that "**any** dispute, claim or controversy that may arise" between the parties "arising from or relating to Employee's employment" will be arbitrated as the "sole and exclusive means for resolution of **all** disputes. *See* [Docket No. 75-1].

Defendants Audra Plummer and Nicole Ellison were K12 employees and have no individual liability pursuant to 42 §§ 1981, 1982 and 1983 or 25 O.S. § 1302. The prohibitions of Title VII are couched in terms of "employers." *See* 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) with "employer" being defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current of preceding calendar year, and any agent of such person." The Tenth Circuit has held that the term "employer" does not encompass individual supervisors and "supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 (10th Cir. 2007); *See also Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996); *Carey v. Avis Budget Car Rental, LLC,* No. 13-CV-0326-CVE-FHM, 2013 U.S. Dist. LEXIS 152148, at *11 (N.D. Okla. Oct. 23, 2013). The ADEA provides substantially the same definition of "employer," pursuant to 29 U.S.C. §630(b) and the Tenth Circuit has said that the ADEA does not extend liability to individual supervisors. *See Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999). Oklahoma federal courts have reached the same conclusion. *See, e.g., Carey,* 2013 U.S. Dist. LEXIS 152148, at *12. Ms. Plummer and Ms. Ellison, as individuals, have no liability under the employment discrimination statutes cited in Plaintiff's Complaint.

Further, because the allegations against Ms. Plummer and Ms. Ellison in the Complaint arise out of Plaintiff's employment or the termination of her employment and are substantially interdependent with the conduct of K12, Plummer and Ellison must be considered third party beneficiaries to the arbitration agreement. The case law is clear that non-signatories to an arbitration agreement can enforce an arbitration agreement against a signatory if they are third party beneficiaries. See *Gibson v. Wal-Mart Stores, Inc.,* 181 F.3d 1163, 1170 (10th Cir. 1999); *O'Connor v. R.F. Lafferty & Co.,* 965 F.2d 893, 901 (10th Cir. 1992). "Application of equitable estoppel is warranted…when the signatory [to the contract containing the arbitration clause] raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *MS Dealer Service Corp. v. Franklin,* 177 F. 3d 942, 947 (11th Cir. 1999). Courts have recognized that a party cannot circumvent a promise to arbitrate by naming nonsignatory parties as defendants in his complaint as "the effect of the rule requiring arbitration would, in effect, be nullified" by such action. *Arnold v. Arnold Corp.,* 920 F.2d 1269, 1281 (6th Cir. 1990).

The Federal Arbitration Act ("FAA") provides that "the court must grant" an order confirming the arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9.

Pursuant to 9 U.S.C. § 9 and finding that no grounds exist under 9 U.S.C. §§ 10-11 to vacate, modify, or otherwise correct the Arbitrator's decision, K12's renewed motion to lift the stay, confirm the arbitration award and dismiss the case with prejudice (#77) is GRANTED. The decision of the Arbitrator (AAA No. 01-18-0003-4854) [Docket No. 75-3] is CONFIRMED and adopted by the court as its own. Plaintiff's complaint is dismissed WITH PREJUDICE.

-4-

Accordingly, Plaintiff's Motion to Amend Complaint [Docket No. 84] is MOOT and Defendants Audra Plummer and Nicole Ellison's Renewed Motion to Dismiss [Docket No. 85] is MOOT.

IT IS SO ORDERED this 10th day of July, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**